## PURVIS, WOOD & CO. *v.* AVERY BREED.

Money was deposited with *Purvis, Wood & Co.* for *Breed; Breed* sued to recover it, and *P. W & Co.* plead a debt due them by *Breed*, in compensation. The plea was overruled. *Breed* had judgment. *P., W. & Co.* then paid the money into the hands of the sheriff, and immediately attached it. *Held:* That the attachment did not lie.

The sheriff is the proper officer to make a seizure, at the suit of a third party, of money which he has received under execution. The coroner is not competent to make the seizure in such a case.

<div align="right">
PURVIS
v.
BREED.
</div>

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Bonford* and *Finney*, for plaintiff.  *J. Ad. Rozier*, for defendant.

In the case of *Avery Breed* v. *Thomas M. Hand*, a judgment was recovered against the plaintiff, in the parish of Union, for $504 97, exclusive of interest and costs.  A *fi. fa.* issued on the judgment, and was sent to the coroner of the parish of Orleans, who seized, in the hands of the sheriff, the money which had been paid by *Purvis, Wood & Co.* to the sheriff, in satisfaction of the judgment of *Breed* against them.  The question arose, whether the seizure should have been made by the sheriff or by the coroner.  On this point the district court said:

"As to the second execution, I am of opinion that the sheriff was not interested in the suit in the sense of the law.  If his claim for costs made him so, he is interested in every case, and all executions must go to the coroner."

By the court:

SLIDELL, J.  This is an attachment against *Breed*, upon a debt alleged to be due by him as a member of the firm of *Hand* and *Breed*.  A motion was made to set aside the attachment, which was sustained by the district judge, and the plaintiffs have appealed.

The material facts are these.  *Breed* formerly brought suit against *Purvis, Wood & Co.* for a sum of $1021, deposited with them for him.  They filed a plea of compensation, alleging that *Breed*, as a member of the firm of *Hand* and *Breed*, was indebted to them in the sum of $1021, balance on account current. There was judgment in favor of *Breed* for the amount of the deposit.  The plea of compensation was dismissed, on the ground that, to a demand of a deposit, such a plea was inadmissible.  *Purvis, Wood & Co.* appealed, and the judgment was affirmed by this court, the case being considered as controlled by that equitable rule of our code, that "the depositary cannot withhold the thing deposited, on pretence of a debt due to him from the depositor, on any account distinct from the deposit, or by way of offset."  Art. 2927.

Execution was then issued by *Breed*, against *Purvis, Wood & Co.*, on that judgment, and they paid into the sheriff's hands its amount in coin.  On the next day, while the money was yet in the sheriff's hands, *Purvis, Wood & Co.* took out the present attachment, their suit being founded on the same claim which they had unsuccessfully pleaded in compensation.

The spirit of the same rule which controlled the former cause, is, in our opinion, decisive of this.  Why was the plea in compensation rejected? Because such a defence was repugnant to the nature of the contract under which *Purvis, Wood & Co.* received the money for *Breed*.  It was a contract of irregular deposit, to which, so far as our present inquiry is concerned, the equitable rules of the contract of deposit apply.  This contract is one of confidence.  It is considered, under all systems of jurisprudence, as imposing the duty of the most scrupulous good faith.  Among the Romans, it was classed in the category of contracts *bonæ fidei.*  From its confidential character arose, with them, the rule embodied in our code.  In causa depositi compensationi locus non est.  And so strictly was this principle carried out under that jurisprudence, from which our own is derived, that the depositary was not permitted to detain the thing deposited with him in compensation of what the depositor owed him, even although it were another *depositum;* but each depositary was obliged promptly to restore the thing deposited with him.  Quam celerrime, sine aliquo obstaculo restituantur, was the stringent and uncompromising doctrine of the Roman law.  The

interpretation invoked at bar, which would restrict the depositor's equity to a mere immunity from a plea of compensation, sacrifices the spirit of the law to a narrow consideration of its letter. But, in truth, the letter of the law is not so narrow as was suggested in argument. It imposes on the depositary the duty of instant return upon demand. Art. 2926. It forbids him to withhold that return on pretence of a debt due to him from the depositor on any account distinct from the deposit. Art. 2927. The form, then, in which the resistance to the right of the depositor comes, is immaterial. The spirit of the rule covers any substantial resistance. The deposit must be restored, *sine aliquo obstaculo.*

Here an obstacle is interposed by the depositary. He arrests the money with one hand which he proffers to pay with the other, and attempts to accomplish indirectly, what in the previous action he was not permitted to do directly. We think the district judge did not err in dismissing the attachment. See also case of *Lapeyre* v. *Orleans Ins. Co.*, 7 Ann.

We also concur in the opinion of the district judge as to the seizure in the case of *Breed* v. *Hand.*

Judgment affirmed, with costs.

Application for re-hearing refused.